### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**VIZALINE, LLC**
**BRENT MELTON**                                                                                          **PLAINTIFFS**

**V.**                                                   **CIVIL ACTION NO. 3:18-CV-531-LG-RHW**

**SARAH TRACEY, PE;**
**BILL MITCHELL, PE/PS**
**JOSEPH FRANKLIN LAUDERDALE, PE/PS**
**JOSEPH E. LAUDERDALE, PE/PS**
**STEVEN A. TWEDT, PE**
**DR. DENNIS D. TRUAX, PE**
**RICHARD THOMAS TOLBERT, PS**
**JOE W. BYRD, PS**
**SHANNON D. TIDWELL, PS**
**IN THEIR OFFICIAL CAPACITIES**
**AS MEMBERS OF THE MISSISSIPPI**
**BOARD OF LICENSURE FOR**
**PROFESSIONAL ENGINEERS**
**AND SURVEYORS**                                                                                          **DEFENDANTS**

### PLAINTIFFS' RESPONSE IN OPPOSITION
### TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Vizaline, LLC, and Brent Melton (collectively, "Vizaline") hereby respond in opposition to Defendants' motion to dismiss. Defendants' motion—made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure—raises two arguments. Defendants argue they may prohibit Vizaline's speech, notwithstanding the First Amendment, because Vizaline does not have a surveyors' license. And Defendants invoke an un-defined "immunity" from this suit. Defendants' arguments find no footing in either the facts as alleged in the Complaint or in the law. For the reasons succinctly set forth below and as set forth more fully in Vizaline's accompanying memorandum, this Court should deny the Board's motion.

As set forth in the Complaint, Vizaline is a small, Mississippi-based company, that provides innovative geospatial imaging services to the banking industry. Banks—Vizaline's only

customers—provide preexisting legal descriptions of property—described in "metes and bounds" generated by licensed surveyors and incorporated into deeds and easements—to Vizaline. Vizaline uses that information—which is difficult to visualize—to create new information—a simple map that is easy to understand—by processing the data through its computer programs. Vizaline provides the new information it generates to its bank customers in a report called "Viza-Plat" to advise the bank to help it better understand its assets, protect its portfolio, and protect its customers. Vizaline does not establish or purport to establish metes and bounds or other legal descriptions of property, nor does Vizaline locate control monuments or measure items that are not defined within the legal descriptions of properties.

That is all Vizaline does: use existing information to create and disseminate new information to advise its clients. This is speech protected by the First Amendment. *Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2374 (2018) ("*NIFLA*") (professionals providing specialized advice about an issue is protected by the First Amendment (citing *Holder v. Humanitarian Law Project*, 561 U. S. 1, 27-28 (2010)); *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011) (the creation and dissemination of information for compensation are speech within the meaning of the First Amendment).

Defendants are the members of the Mississippi Board of Licensure for Professional Engineers and Surveyors, all sued in their official capacity (collectively, "the Board"). The Board has taken the position that it may stop Vizaline from speaking because Vizaline does not have a surveyor license. The Board's motion to dismiss here states it most succinctly: "Mississippi's regulations require a [surveyor] license for those who sale [*sic*] specialized advice concerning the boundaries of real property and location of real property relative to fixed points. . . . These regulations require a [surveyor] license for those who sale [*sic*] plats which reflect—or allow

{JX337423.1}

visualization of—the boundaries of real property and the location of real property relative to fixed points." Dkt. [3] at 3.

The basis of the Board's argument here is that the First Amendment does not restrain its power to license "professions," but the Board is wrong. Dkt. [4] at 7. The Board cites only two cases to support its position: *NIFLA* and *Hines v. Alldredge*, 783 F.3d 197 (5th Cir. 2015). But *NIFLA* says precisely the opposite of what the Board claims, *see* 138 S. Ct. at 2371-72 ("Speech is not unprotected merely because it is uttered by 'professionals.'"), and *Hines* has been entirely abrogated by *NIFLA*. The Board baldly asserts that it is regulating "professional conduct" without identifying any "conduct" that Vizaline has engaged in or citing any cases about the difference between "speech" and "conduct." But the Supreme Court's speech/conduct distinction cases demonstrate that, as applied to Vizaline, Mississippi law is restricting speech, not conduct. Moreover, as applied to Vizaline, the Mississippi law is not a restriction of speech "incidental" to a regulation of conduct, it is a regulation of speech as speech. Accordingly, the First Amendment applies to Vizaline's speech here.

Finally, the Board's *ipse dixit* assertion of "immunity," provides no grounds on which this Court can dismiss. The Board claims it is immune "to the extent the Complaint seeks relief other than declaratory or prospective injunctive relief." Dkt. [4] at 8. But the Complaint doesn't ask for anything beyond declaratory or prospective injunctive relief[1] and the Board doesn't identify any claims for relief in the Complaint to which its assertion of immunity would apply. Moreover, the immunities the Board does invoke do not apply here in any event.

For these reasons, and as set forth more fully in its accompanying memorandum, Vizaline

---

[1] The Complaint does seek attorneys' fees as part of costs pursuant to 42 U.S.C. § 1988, but this too is permitted.

{JX337423.1}

requests that this court **DENY** the motion to dismiss.

Respectfully submitted, this 29th day of August, 2018.

/s/ Adam Stone
Adam Stone
Jackie R. Bost, II
JONES WALKER LLP
190 East Capitol Street, Suite 800
Jackson, MS 39201
T: 601.949.4900
F: 601.949.4804
astone@joneswalker.com
jbost@joneswalker.com

Paul V. Avelar (AZ Bar No. 023078)*
Institute for Justice
398 South Mill Avenue, Suite 301
Tempe, AZ 85281
T: 480.557.8300
F: 480.557.8305
pavelar@ij.org

*Attorneys for Plaintiffs Vizaline, LLC and Brent Melton*

\* Motion for admission *pro hac vice* pending.

{JX337423.1}

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing document via the Court's electronic filing system, which forwarded an electronic copy to all counsel of record.

DATED: August 29, 2018.

*/s/ Adam Stone*
ADAM STONE