## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**VIZALINE, LLC and BRENT MELTON**                                   **PLAINTIFFS**

**v.**                                             **CAUSE NO. 3:18CV531-LG-RHW**

**SARAH TRACY, PE; BILL MITCHELL, PE/PS;**
**JOSEPH FRANKLIN LAUDERDALE, PE/PS;**
**JOSEPH E. LAUDERDALE PE/PS; STEVEN**
**A. TWEDT, PE; DR. DENNIS D. TRUAX, PE;**
**RICHARD THOMAS TOLBERT, PS; JOE W.**
**BYRD, PS; and SHANNON D. TIDWELL, PS**              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the [3] Motion to Dismiss filed by Defendants,

who are the members of the Mississippi Board of Licensure for Professional

Engineers and Surveyors ("the Board"), named only in their official capacities.

Plaintiffs Vizaline, LLC and Brent Melton filed suit alleging that the Board's

regulation of their business practice impermissibly infringes upon the First

Amendment's free speech protections.  Defendants' Motion argues that Plaintiffs'

Complaint should be dismissed because the State of Mississippi, through the Board,

has properly acted within its police power to regulate the practice of land surveyors,

which does not run afoul of the First Amendment.  The Motion is fully briefed.

Having considered the submissions of the parties, the record, and relevant law, the

Court concludes that Defendants' Motion to Dismiss will be granted and Plaintiffs'

Complaint will be dismissed.

## I. BACKGROUND

Plaintiff Vizaline is a limited liability company based in Madison, Mississippi "that provides innovative geospatial imaging services to the banking industry." (Compl. 4, ECF No. 1-1.)  Vizaline uses proprietary software to create maps depicting the plotted metes and bounds that serve as the legal description for property listed in deeds, easements, and similar documents.  Plaintiff Brent Melton is one of the two owners of Vizaline.

On September 21, 2017, the Attorney General for the State of Mississippi filed a lawsuit against the plaintiffs, on behalf of the Board, asserting that Vizaline engages in the unlicensed practice of land surveying, in violation of sections 73-13-73 and 73-13-95 of the Mississippi Code.  That lawsuit, which is still pending in the Chancery Court of Madison County, Mississippi, seeks to enjoin the plaintiffs from continuing to offer their services in Mississippi and disgorgement of all fees and compensation earned by means of these services.

Plaintiffs filed this lawsuit in the Madison County Chancery Court on August 2, 2018.  The Complaint states a single cause of action pursuant to 42 U.S.C. § 1983, seeking a declaration that Mississippi Code sections 73-13-73 and 73-13-95, as interpreted by the Board and applied to the Plaintiffs, run afoul of the First Amendment to the United States Constitution.  Plaintiffs also relatedly seek an injunction barring the Board from applying those statutes to the plaintiffs in a manner that prohibits them from operating their business in the State of

Mississippi.  Defendants removed this case on August 8, 2018 citing federal question jurisdiction under 28 U.S.C. § 1331.

On August 15, 2018, Defendants filed the instant Motion to Dismiss.  The Court deferred ruling on the Motion until after the Court had first addressed Plaintiffs' subsequently-filed Motion to Remand.  The Motion to Remand was denied on November 29, 2018.  (*See* Order Den. Mot. Remand, ECF No. 26.)  Accordingly, the Court now proceeds to the merits of the Motion to Dismiss.

## II. DISCUSSION

a. <u>Motion to Dismiss Standard</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff.  *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016).  But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level."  *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009).  "While legal conclusions can

provide the complaint's framework, they must be supported by factual allegations."
*Iqbal*, 556 U.S. at 664.  "Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice."  *Id.* at 678.

   b. <u>Analysis</u>

      Defendants' legal argument is succinct and pointed: (1) "States may regulate
professional conduct, even though that conduct incidentally involves speech" and (2)
here, "the State of Mississippi has properly acted within its police power to regulate
the practice of surveyors, licensed or not."  (Mem. Supp. Mot. Dismiss 7, ECF No.
10.)  Therefore, say Defendants, "the promulgation and application of such
regulations does not run afoul of the First Amendment."  (*Id.* at 8.)

      Plaintiffs' make the following contentions in response: (1) Vizaline creates
and disseminates information, which is speech protected by the First Amendment;
(2) Mississippi law restricts this speech; (3) this restriction is content-based, not
merely an incidental restriction of speech; and (4) the Board cannot meet its
evidentiary burden under the applicable strict-scrutiny standard of review in the
context of a motion to dismiss.  Accordingly, Plaintiffs maintain that Defendants'
Motion to Dismiss should be denied because they have stated a plausible First
Amendment claim.

      Section 73-13-73 of the Mississippi Code restricts the practice of surveying to
those individuals who have a license, and section 73-13-89 grants the Board
disciplinary powers to enforce this restriction.  According to Plaintiffs' Complaint,
the Attorney General for the State of Mississippi filed a lawsuit against Plaintiffs,

– 4 –

on behalf of the Board, accusing Plaintiffs of violating Mississippi Code section 73-13-95(c) by receiving fees for performing services which constitute any part of the practice of surveying while being unlicensed to do so.  Mississippi law defines the practice of surveying to include, among other things, "[l]ocating, relocating, establishing, reestablishing, laying out or retracing any property boundary or easement" and "[c]reating, preparing or modifying electronic or computerized data, including land information systems and geographic information systems, relative to the performance" of the these activities.  Miss. Code Ann. § 73-13-71(a), (d).  The Board has determined that Plaintiffs' geospatial imaging services involve activities constituting the practice of surveying, which Plaintiffs are not licensed to do.

Plaintiff's Complaint contends that the Board's application of Mississippi surveyor licensing laws to Plaintiffs impermissibly infringes upon their freedom of speech under the First Amendment to the United States Constitution.[1]  The alleged speech at issue is the "specialized advice" Plaintiffs provide their bank customers by using "existing data and information (generated by licensed surveyors) . . . to create and disseminate new information," which is computer-generated drawings and maps of property boundaries.  (Compl. 13-14, ECF No. 1-1.)  According to Plaintiffs, while licensed surveyors may engage in this speech, under Mississippi law, Plaintiffs may not.  Because "[a]pplication of Mississippi Code §§ 73-13-73 and 73-13-95 to Plaintiffs restrains the way in which they may use and disseminate

---

[1] To be clear, Plaintiffs here do not challenge the Board's interpretation of the Mississippi statutes as it applies to Plaintiffs' business activity.  It is solely a constitutional challenge to the Board's use of licensing restrictions to prohibit Plaintiffs from engaging in activity the Board deems surveying.

information [and] provide specialized advice to customers," these statutes "act[] as content and speaker-based restrictions on the availability and use of information." (*Id.* at 14.)

In *National Institute of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018), the Supreme Court recently clarified that professional speech is not a separate category of speech afforded less protection from content-based restrictions. Both parties cite to this case in support of their positions. *Becerra* dealt with a challenge to the State of California's requirement that "crisis pregnancy centers" provide clients with notice of other services available to pregnant women in the state and the limited services offered at the crisis pregnancy center. The Court found that these notice requirements imposed impermissibly burdensome, inadequately-justified affirmative disclosure requirements on crisis pregnancy centers. In addressing the notice requirement for those centers staffed with licensed medical practitioners, the Supreme Court explained that "this Court has not recognized 'professional speech' as a separate category of speech. Speech is not unprotected merely because it is uttered by 'professionals.'" *Becerra*, 138 S. Ct. at 2371-72. However, *Becerra* did not, as Plaintiffs suggest, hold that licensing restrictions on who may engage in a profession are content-based speech restrictions subject to strict judicial scrutiny.

Rather, *Becerra* recognized that "States may regulate professional conduct, even though that conduct incidentally involves speech." *Id.* at 2372. This line of precedent, which was not at issue in *Becerra*, is plainly relevant to and controlling

here.  States "have broad power to establish standards for licensing practitioners and regulating the practice of professionals." *Grade v. Nat'l Solid Waste Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) (quoting *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975)); *see also Lambert v. Yellowley*, 272 U.S. 581, 596 (1926) ("[T]here is no right to practice medicine which is not subordinate to the police power of the states."). And "the Supreme Court has long held that 'the first Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech.'" *Hines v. Alldredge*, 783 F.3d 197, 201 (2015) (quoting *Sorrell v. IMS Health, Inc.*, 131 S. Ct. 2653, 2664 (2011)).[2]  "Pursuant to this principal, there is a robust line of doctrine concluding that state regulation of the practice of a profession, even though that regulation may have an incidental impact on speech, does not violate the Constitution." *Id.*

The State of Mississippi has enacted licensing restrictions for the practice of surveying.  The Board has determined that Plaintiffs engaged in the unlicensed practice of surveying in the State of Mississippi and seeks to enjoin Plaintiffs from continuing to do so.  These licensing restrictions incidentally infringed upon Plaintiffs' speech.  The Supreme Court has made clear that Mississippi may regulate who is permitted to provide certain professional services and who is not. *See Dent v. West Virginia*, 129 U.S. 114, 128 (1889) (finding constitutional a West Virginia law that "was intended to secure such skill and learning in the profession

---

[2] Plaintiffs assert that *Hines* is no longer good law after *Becerra*.  This is plainly not so, and Plaintiffs provide no support for this contention.  As already explained, *Becerra* was not a case about the propriety of professional licensing requirements or even restrictions on how a licensed professional may conduct business.

of medicine that the community might trust with confidence those receiving a license under authority of the state").  Such regulations do not trigger First Amendment scrutiny.  *Hines*, 783 F.3d at 202 ("If the government enacts generally applicable licensing provisions limiting the class of persons who may practice the profession, it cannot be said to have enacted a limitation on freedom of speech or the press subject to First Amendment Scrutiny.").

Despite recognizing[3] that this licensing scheme has only incidentally limited their speech by determining *who* may engage in certain speech, Plaintiffs seek to craft a contorted claim of content-based speech restriction.  To adopt Plaintiffs' reasoning would be to conclude that the First Amendment precludes the government from establishing licensing requirements for any profession.  Including the practice of law, medicine, dentistry, chiropractic, nursing, or architecture.  Not so.  *See e.g. Dent*, 129 U.S. at 123 ("No one has a right to practice medicine without having the necessary qualifications of learning and skill; and the statute only requires that whoever assumes, by offering to the community his services as a physician, that he possesses such learning and skill, shall present evidence of it by a certificate or license from a body designated by the state as competent to judge of his qualifications.").

---

[3] "Vizaline could use, create, and disseminate information if the subject of that information were not about legal property descriptions or if it were licensed. . . . But because Vizaline is speaking about legal property descriptions and is not licensed, the Board says Vizaline may not speak and may be penalized for speaking."  (Resp. Opp. 11, ECF No. 8.)

### III. CONCLUSION

The First Amendment protects the right of a local barber or cosmetologist to freely exchange comments, views and opinions, with a willing client, and without government interference, while plying their trade.  It does not however, prohibit the state from the lawful regulation of these[4], or countless other professions, by requiring the practitioners to obtain and hold a valid license.

Plaintiffs' claim, that the licensing requirement for surveyors under Mississippi Code sections 73-13-73 and 73-13-95 violates the right of free speech under the First Amendment fails to state a claim for which relief may be granted. Defendants' Motion to Dismiss is therefore granted and the Complaint will be dismissed pursuant to Rule 12(b)(6).  To the extent that the Court has not directly addressed arguments raised by the Plaintiffs, the Court has nonetheless considered these arguments and they do not affect the Court's conclusion.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion to Dismiss filed by Defendants, who are the members of the Mississippi Board of Licensure for Professional Engineers and Surveyors, is **GRANTED**.  The Complaint filed by Plaintiffs Vizaline, LLC and Brent Melton is **DISMISSED.**

**SO ORDERED AND ADJUDGED** this the 20th day of December 2018.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] *See* Miss. Code Ann. Sec. 73-5-19 and 73-7-9.