IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIZALINE, LLC
BRENT MELTON                                                              PLAINTIFFS

V.                                             CIVIL ACTION NO. 3:18-CV-531-LG-RHW

SARAH TRACEY, PE;
BILL MITCHELL, PE/PS
JOSEPH FRANKLIN LAUDERDALE, PE/PS
JOSEPH E. LAUDERDALE, PE/PS
STEVEN A. TWEDT, PE
DR. DENNIS D. TRUAX, PE
RICHARD THOMAS TOLBERT, PS
JOE W. BYRD, PS
SHANNON D. TIDWELL, PS
IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE MISSISSIPPI
BOARD OF LICENSURE FOR
PROFESSIONAL ENGINEERS
AND SURVEYORS                                                             DEFENDANTS

**Stipulation of Settlement and Dismissal for Mootness**

Pursuant to Federal Rule of Civil Procedure, Rule 41(a)(1)(A)(ii), Plaintiffs Vizaline, LLC and Brent Melton (collectively, "Vizaline"), and Defendants Sarah Tracy, PE, Bill Mitchell, PE/PS, Joseph Franklin Lauderdale, PE/PS, Steven A. Twedt, PE, Dr. Dennis D. Truax, PE, Richard Thomas Tolbert, PS, Joe W. Byrd, PS, and Shannon D. Tidwell, PS, in their official capacities as Members of the Mississippi Board of Licensure For Professional Engineers and Surveyors ("the Board"); hereby agree and stipulate as to the following. The Board and Vizaline shall jointly be referred to as the "Parties."

**RECITALS**

WHEREAS, Vizaline has been selling its services in Mississippi since April 2014.

1

WHEREAS, on September 21, 2017, the Board filed suit against Vizaline in the case captioned *Mississippi Board of Licensure for Professional Engineers and Surveyors v. Brent Melton and Vizaline LLC*, No. 2017-902-W, in the Chancery Court of Madison County, Mississippi, alleging that Vizaline was violating Mississippi law, and specifically Mississippi Code §§ 73-l3-73 and 73-13-95, by engaging in the practice of surveying while not being license by the Board. The Board's Complaint sought injunctive relief and an order for disgorgement. The allegations in the Board's Complaint are incorporated herein by reference.

WHEREAS, on July 7, 2018, Vizaline filed and served its Answer and Affirmative Defenses to the Board's Complaint. Vizaline disputed the Board's claim that it was engaged in the practice of surveying and further pled that its business was speech protected by the First Amendment to the United States Constitution. Vizaline's Answer and Affirmative Defenses are incorporated herein by reference.

WHEREAS, on August 2, 2018, Vizaline filed suit against the members of the Board in their official capacities, in the case captioned *Vizaline, LLC and Brent Melton v. Sarah Tracy, PE, et al.*, No. 2018-724-B, in the Chancery Court of Madison County, alleging that the Board Members' actions to enforce Mississippi Code §§ 73-l3-73 and 73-13-95 against Vizaline were in violation of Vizaline's First Amendment rights. Vizaline's Complaint sought declaratory and injunctive relief, as well as attorneys' fees and costs. The allegations in Vizaline's Complaint are incorporated herein by reference.

WHEREAS the Board Members removed Vizaline's suit to the United States District Court for the Southern District of Mississippi.

WHEREAS, on December 18, 2018, the United States District Court for the Southern District of Mississippi dismissed Vizaline's Complaint on the grounds that the First Amendment did not apply to Mississippi's surveyor licensing laws.

WHEREAS, on February 6, 2019, the Board issued its Declaratory Opinion regarding The Practice of Surveying in an effort to clarify the statutes governing the practice of surveying in Mississippi. The provisions of the Board's Declaratory Opinion are incorporated herein by reference.

WHEREAS, on February 14, 2020, the United States Court of Appeals for the Fifth Circuit reversed the dismissal and remanded on the grounds that the First Amendment does apply to Mississippi's surveyor licensing laws. The Fifth Circuit's opinion and holding are incorporated herein by reference.

WHEREAS, on April 30, 2020, the Board Members filed and served their Answer and Counterclaim to Vizaline's Complaint disputing Vizaline's claims and then withdrew their Counterclaim. The allegations in the Board Members' Answer are incorporated herein by reference.

WHEREAS, the Parties have agreed to a consent decree that has been entered by the court in *Mississippi Board of Licensure for Professional Engineers and Surveyors v. Brent Melton and Vizaline LLC*, No. 2017-902-W, in the Chancery Court of Madison County, Mississippi (the "State Court Consent Decree").

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. The Parties stipulate and agree that the State Court Consent Decree Board concluded the Board's Complaint against Vizaline.

2.  It is stipulated and agreed that operation in conformity with the Declaratory Opinion and the State Court Consent Decree is not the practice of surveying and does not violate Mississippi's practice of surveying laws as currently enacted.

3.  It is stipulated and agreed that Vizaline currently operates in conformity with the Declaratory Opinion and the terms of the State Court Consent Decree, is not in violation of Mississippi Code §§ 73-l3-73 and 73-13-95 as currently enacted, and may legally continue to so operate.

4.  The Board agrees that it may not enforce the practice of surveying laws, including Mississippi Code §§ 73-l3-73 and 73-13-95, against Vizaline while Vizaline is engaged solely in the activities defined as outside the practice of surveying in the Declaratory Opinion and the State Consent Decree.

5.  Because it is stipulated and agreed that Vizaline is not in violation of Mississippi Code §§ 73-l3-73 and 73-13-95 as currently enacted and the Board will not enforce the practice of surveying laws, including Mississippi Code §§ 73-l3-73 and 73-13-95 as currently enacted, against Vizaline, the Parties agree that the prospective relief sought in Vizaline's Complaint against the Board is now moot and Vizaline's Complaint should be dismissed as moot.

6.  It is stipulated and agreed that the Parties will be responsible for their own attorney fees and costs in this litigation.

7.  The Parties understand that, once entered, this Stipulation of Settlement and Dismissal for Mootness will become a public record.

    DATED: December 17th, 2020.

**APPROVED AND AGREED**:

/s/ J. Wade Sweat
J. Wade Sweat, MSB NO. 9933
SPECIAL ASSISTANT ATTORNEY GENERAL
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
Email: wswea@ago.ms.gov

Counsel for Plaintiff



/s/ Paul V. Avelar
Paul V. Avelar, admitted *Pro Hac Vice*
INSTITUTE FOR JUSTICE
398 South Mill Avenue, Suite 301
Tempe, AZ 85281
Tel. 480.557.8300
Fax. 480.557.8305
Email:  pavelar@ij.org

Adam Stone, MSB NO. 10412
Kaytie Michelle Pickett, MSB NO. 103202
JONES WALKER LLP
190 East Capitol Street, Suite 800
Jackson, MS 39201
Tel. 601.949.4900

Counsel for Defendants